IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
NOV 04 2013
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| MARTIN POT and<br>SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>COLONEL STAN WITT, in his official<br>capacity as Director of the Arkansas State<br>Police,<br><br>Defendants. | Case No. 13-3102 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, MARTIN POT (pronounced "Poht" and hereinafter "Pot") and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), by and through undersigned counsel, as and for their Complaint against Defendant COLONEL STAN WITT, in his official capacity as Director of the Arkansas State Police (hereinafter "Witt"), allege as follows:

### INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Arkansas's prohibition on otherwise qualified non-U.S. citizens who legally reside in Arkansas from obtaining a concealed carry permit, pursuant to Arkansas Code (hereinafter "A.C.A.") § 5-73-309(1).

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S.

570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3.  However, the laws of Arkansas completely prohibit resident legal aliens from the concealed carry of guns, in public, for the purpose of self-defense. In Arkansas, only citizens may have the benefit of an armed defense by concealed carry.

4.  Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's ban on non-citizens obtaining a concealed carry permit, unconstitutional. As the Plaintiffs only seek to be treated the same as law-abiding citizens, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6.  This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Arkansas and/or within the geographic confines of the State of Arkansas.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

8. Plaintiff Pot is 52 years old, and a citizen of the Netherlands residing with his family in Eureka Springs, Arkansas, and who has done so since 1986. Pot received his permanent resident visa (a/k/a "green card") in 1984. Prior to that Pot was on a tourist visa, which he had briefly until he married his wife in New Orleans, Louisiana, who was then a Masters student at Tulane. Pot has been self-employed in the area of construction, woodworking and restoration in Eureka Springs for twenty years. In sum, he has many solid connections to the State of Arkansas and the Eureka Springs area, including his wife and the two of his three children who still reside in the area.

9. Pot is allowed to possess a firearm in Arkansas only in his house, on his property, or under certain circumstances while on a "journey," but is prohibited by A.C.A. § 5-73-309(1) from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense.

10. Pot would carry a loaded and functional concealed handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful for a non-citizen to carry a concealed handgun in Arkansas.

11. In August, 2013, Pot was notified by the Arkansas State Police that his then-current and valid concealed carry permit was not being renewed because Pot is not a citizen. This is despite the fact that for years Pot lawfully possessed, and renewed, a concealed carry permit without incident until A.C.A. § 5-73-309(1) took effect. Therefore, Pot's concealed carry permit application renewal was denied.

12. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes lawfully admitted aliens residing in Arkansas. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

13. Members of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in Arkansas and fear arrest, prosecution, fine, and imprisonment.

14. Pot is a member of SAF.

### DEFENDANT

15. Defendant Witt is the Director of the Arkansas State Police. In Witt's official capacity, he is responsible for enforcing certain of Arkansas's laws, customs, practices, and policies, specifically including A.C.A. § 5-73-309(1). In that capacity, Witt is presently enforcing the laws, customs, practices and policies complained of

in this action. Specifically, Witt is the authority charged with processing and issuing concealed carry permit applications in Arkansas. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

16. The Second Amendment provides:

   A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

17. The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

18. Section 1 of the Fourteenth Amendment provides, in relevant part:

   **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

19. A.C.A. § 5-73-309 provides in pertinent part:

   The Director of the Department of Arkansas State Police shall issue a license to carry a concealed handgun if the applicant:

   (1) Is a citizen of the United States . . .

   A.C.A. § 5-73-313 provides for the renewal of a concealed carry permit, but only if the applicant provides "[a] verified statement that the licensee remains qualified pursuant to the criteria specified in §§ 5-73-308(a) **and 5-73-309**." (Emphasis added.)

A.C.A. § 5-73-313(a)(2).

20. A.C.A. § 5-73-120 provides in pertinent part:

(a) A person commits the offense of carrying a weapon if he or she possesses a handgun, knife, or club on or about his or her person, in a vehicle occupied by him or her, or otherwise readily available for use with a purpose to employ the handgun, knife, or club as a weapon against a person.

. . .

(d) Carrying a weapon is a Class A misdemeanor.

21. A.C.A. § 5-4-401 provides in relevant part:

(b) A defendant convicted of a misdemeanor may be sentenced according to the following limitations:

(1) For a Class A misdemeanor, the sentence shall not exceed one (1) year.

### COUNT I – VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. The citizenship requirement contained in A.C.A. § 5-73-309(1) and all other Arkansas statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. The citizenship requirement contained in A.C.A. § 5-73-309(1), and all other Arkansas statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess and carry a handgun for self-defense as secured by the Second Amendment to the United States Constitution.

## FOR ALL COUNTS

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. A controversy exists as to whether the citizenship requirement contained in A.C.A. § 5-73-309(1) is unconstitutional.

28. A declaration from this Court would settle this issue.

29. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

30. The Plaintiffs seek a declaration that the citizenship requirement contained in A.C.A. § 5-73-309(1) is unconstitutional.

31. In the absence of an injunction, the citizenship requirements of A.C.A. § 5-73-309 would continue to be enforced and would prevent Pot, and SAF's lawfully admitted alien members residing in Arkansas, from (1) successfully obtaining a

concealed carry permit and/or (2) legally carrying a handgun in a concealed manner that any otherwise-qualified citizens may possess and carry concealed in public.

32.     The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

33.     There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Pot, and SAF's lawfully admitted alien members the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.      Issue preliminary and permanent injunctions (a) enjoining Defendant COLONEL STAN WITT, as Director of the Arkansas State Police from enforcing the United States citizenship requirement of A.C.A. § 5-73-309(1) against the Plaintiffs and/or their members; and

2.      Enter the following:

(a)     A declaratory judgment that A.C.A. § 5-73-309(1), and all other Arkansas statutory language which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

    (b)    Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of A.C.A. § 5-73-309(1) and all other Arkansas statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

3.    Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.    Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: November 1, 2013

Respectfully submitted,

By: _____
Attorney for Plaintiffs

David G. Sigale, Esq.
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
Tel: 630.452.4547
Fax: 630.596.4445
dsigale@sigalelaw.com

*Attorney for Plaintiff*