IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**MARTIN POT and**
**SECOND AMENDMENT FOUNDATION**                 **PLAINTIFFS**

**v.**                **No. 3:13-cv-3102-JLH**

**COLONEL STAN WITT, in his official**
**capacity as Director of the Arkansas**
**State Police**                 **DEFENDANT**

**BRIEF SUPPORTING DEFENDANT'S MOTION TO DISMISS,**
**Or In The Alternative,**
**MOTION TO TRANSFER VENUE**

Defendant Colonel Stan Witt respectfully submits this brief supporting his motion to dismiss the complaint pursuant to F. R. Civ. P. 12(b)(2-3), or in the alternative, for the case to be transferred to a proper venue.

**I.**    **INTRODUCTION**

Plaintiffs Martin Pot and Second Amendment Foundation filed this § 1983 action on November 4, 2013, alleging that Arkansas' concealed handgun carry laws violate the Constitution. According to the complaint, Pot is a permanent resident alien who has resided in Arkansas since 1984. (Doc. No. 1 at 3). Second Amendment Foundation claims to be a not-for-profit group organized in the State of Washington, and representing its members, including Pot, who reside in the State of Arkansas. *Id.* at 4. Plaintiffs name Colonel Stan Witt, in his official capacity as

Director of the Arkansas State Police ("ASP"), as the only defendant in this case. *Id.* at 4, 5.

Plaintiffs filed suit challenging the constitutionality of Arkansas' concealed handgun carry laws. A.C.A. § 5-73-301, et seq. Specifically, they allege that a citizenship provision, A.C.A. § 5-73-309(1), violates the Second Amendment and the Fourteenth Amendment's equal protection guarantees. *Id.* at 6, 7. Witt is being sued on these claims because ASP is the agency tasked with administering the States' concealed handgun carry licensing.

The complaint's allegations concerning venue are factually and legally deficient, and Witt moves this court to dismiss the case, or to transfer the case to the Eastern District of Arkansas, where venue is proper.

## II.   STANDARD OF REVIEW

Under the U.S. Supreme Court's most recent decisions, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). While pro se pleadings are liberally construed, they must still allege facts supporting a plausible claim. *See Stone v. Henry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Supreme Court's plausibility test involves two steps. First, this Court must determine which allegations in the complaint are conclusory and, therefore,

should be ignored. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 55. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Allegations that "are no more than conclusions" are "not entitled to the assumption of truth." *Id.* at 1950.

Second, the non-conclusory allegations must be evaluated to determine whether they contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III.   ARGUMENT

Because venue is not proper in the Western District of Arkansas, this Court should either dismiss this case, or transfer the case to the Eastern District of Arkansas.  Questions of venue generally turn to 28 U.S.C. § 1391.  In the complaint, Plaintiffs mistakenly state that "[v]enue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces. . . in this [the Western] District. . . and the State laws were enacted in the State capital in this [the Western] District."  (Doc. No. 1 at 3, ¶ 7).  These statements are factually incorrect, rendering Plaintiff's assertion of proper venue legally deficient.

According to 28 U.S.C. § 1391(b)(1), proper venue is "a judicial district in which any defendant resides. . .." Venue may also be proper where substantial parts of the events or omissions giving rise to the claim occurred. . .." 28 U.S.C. § 1391(b)(2). Witt is the only defendant, and his office is located at ASP headquarters in Little Rock, Arkansas. The State's capital is in Little Rock, and the challenged law was enacted in Little Rock, but Plaintiffs erroneously describe Little Rock as being in the United States District Court's Western District of Arkansas.

Generally, on a motion to dismiss, the Court accepts all of Plaintiff's factual allegations as true. However, it need not blindly accept all conclusory statements as true. As this Court is well aware, Little Rock, Arkansas, is actually located in the United States District Court's Eastern District of Arkansas. Pursuant to Rule 201(a)-(c)(2) of the Federal Rules of Evidence, this Court has the discretion to take judicial notice of facts generally known within the Court's jurisdiction and facts that cannot reasonably be questioned. The geographic location of our State's capital and its situation within federal jurisdictional maps are safely within that discretion.

Properly stated, the defendant resides within the Eastern District of Arkansas, the law being challenged was enacted in the Eastern District of Arkansas, the State capital is in the Eastern District of Arkansas, and the administrative body responsible for enforcing the challenged law makes those decisions in the Eastern District of Arkansas. Accordingly, venue is proper in the Eastern District of Arkansas.[1] This Honorable Court should, therefore, either

---

[1] Because venue is not proper in the Western District, Defendant asserts that this Court lacks personal jurisdiction.

dismiss this case, or administratively transfer the case pursuant to 28 U.S.C. § 1406(a).

**IV.    CONCLUSION**

Because the defendant resides in the Eastern District of Arkansas and because a substantial part of the events giving rise to this action occurred in the Eastern District of Arkansas, the Court should dismiss this case or transfer it to the proper venue.

                                             Respectfully submitted,

                                             Dustin McDaniel
                                             Attorney General
                                             State of Arkansas

                         By:    /s/ James O. Howe
                                 Arkansas Bar No. 2010268
                                 Assistant Attorney General
                                 Attorney for Defendant
                                 323 Center Street, Suite 1100
                                 Little Rock, Arkansas 72201
                                 (501) 682-8206
                                 Fax: (501) 682-2591
                                 james.howe@arkansasag.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, providing service to all participants, including:

    David G. Sigale
    Law Office of David G. Sigale P.C.
    dsigale@sigalelaw.com

    /s/ James O. Howe
    Arkansas Bar #2010268
    Assistant Attorney General