# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MARTIN POT and<br>SECOND AMENDMENT FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>COLONEL STAN WITT, in his official<br>capacity as Director of the Arkansas State<br>Police,<br><br>    Defendants. | Case No. 3:13-CV-3102-JLH |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS OR TRANSFER VENUE

COME NOW the Plaintiffs, MARTIN POT and SECOND AMENDMENT FOUNDATION, INC. and submit their Response to the Defendant COLONEL STAN WITT's Motion to Dismiss or Transfer Venue.

## INTRODUCTION

Venue is proper in this District because Plaintiff resides in this District, applied for a concealed carry permit from this District, was denied same in this District, and therefore a substantial part of the events giving rise to Plaintiffs' cause of action occurred in this District. Therefore, even though this District is not the only possible venue for this matter to have been brought, venue in this District is nonetheless proper.

## STATEMENT OF FACTS

1. Plaintiff Pot is 52 years old, and a citizen of the Netherlands residing with his family in Eureka Springs, Arkansas, and who has done so since 1986. Pot received his permanent resident visa (a/k/a "green card") in 1984. Prior to that Pot was on a tourist visa, which he had briefly until he married his wife in New Orleans, Louisiana, who was then a Masters student at Tulane. Pot has been self-employed in the area of construction, woodworking and restoration in Eureka Springs for twenty years. In sum, he has many solid connections to the State of Arkansas and the Eureka Springs area, including his wife and the two of his three children who still reside in the area (*See* par. 8 of Plaintiffs' Complaint).

2. Pot is allowed to possess a firearm in Arkansas only in his house, on his property, or under certain circumstances while on a "journey," but is prohibited by A.C.A. § 5-73-309(1) from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense (*See* par. 9 of Plaintiffs' Complaint).

3. Pot would carry a loaded and functional concealed handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful for a non-citizen to carry a concealed handgun in Arkansas (*See* par. 10 of Plaintiffs' Complaint).

4. In August, 2013, Pot was notified by the Arkansas State Police that his then-current and valid concealed carry permit was not being renewed because Pot is not a citizen. This is despite the fact that for years Pot lawfully possessed, and

renewed, a concealed carry permit without incident until A.C.A. § 5-73-309(1) took effect.  Therefore, Pot's concealed carry permit application renewal was denied (*See* par. 11 of Plaintiffs' Complaint).

5. Defendant Witt is the Director of the Arkansas State Police.  In Witt's official capacity, he is responsible for enforcing certain of Arkansas's laws, customs, practices, and policies, specifically including A.C.A. § 5-73-309(1).  In that capacity, Witt is presently enforcing the laws, customs, practices and policies complained of in this action.  Specifically, Witt is the authority charged with processing and issuing concealed carry permit applications in Arkansas.  He is sued in his official capacity (*See* par. 15 of Plaintiffs' Complaint).

## ARGUMENT

### POT applied for a permit renewal, was denied same, and is being injured by and unconstitutional, discriminatory law, all in this judicial district.

Plaintiffs mistakenly asserted that the State Capital is in this judicial District, when of course Little Rock and Pulaski County are in the Eastern District of Arkansas.  Were the location of the State Capital the only basis for venue, Defendant's Motion would be well taken.  However, it is not the basis for venue, and while the Eastern District is *also* a proper venue, this District is also proper because the events of the cause of action, and POT's injury, occurred in this District.

Per 28 U.S.C. § 1391(b)(2), venue is proper "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

Defendant mistakenly asserts that venue is improper because the unconstitutional law was enacted in the Eastern District and allegedly enforced in

the Eastern District, but the Defendant is enforcing the law against Plaintiffs wherever they live, and in POT's case that is in Eureka Springs in *this* judicial District.

This case is exactly on point with *McClure v. Manchin*, 301 F.Supp.2d 564 (N.D.WV 2003).  In *McClure*, a gubernatorial candidate sued the West Virginia Secretary of State challenging the constitutionality of the procedures for appearing on the general election ballot.  Since the Secretary of State's office was in West Virginia's Southern District, and the Secretary claimed the events giving rise to the claim would occur in the Southern District, venue was improper in the Northern District.  *Id.* at 568-69.  The Court held that argument was "baseless," and stated:

> All of the events allegedly causing harm to the plaintiffs have occurred in the Northern District, "where operation of [West Virginia Code section] 3-5-23 has required [McClure] to inform voters of the purported primary vote forfeiture and required his canvassers to obtain credentials." (Pl. Memo. Supp. Prelim. Inj. at 17). Although a civil action could be brought in the Southern District under § 1391(b)(1) --and perhaps § 1391(b)(2) also--proper venues are not mutually exclusive. **Indeed, venue is subject to the choice of the plaintiffs, not the defendant.** Thus, under § 1391(b)(2), venue is appropriate in the Northern District because a substantial part of the events giving rise to the claim occurred here.

*Id.* at 569 (emphasis added).

Just like in *McClure*, while the Defendant's office may be in the Eastern District, Plaintiff POT is being injured by the State's law here in the Western District.  Venue would have been proper in either district, but Plaintiffs have selected this one.

In *Kalman v. Cortes*, 646 F.Supp.2d 738 (E.D.PA 2009), the plaintiff, a filmmaker, claimed his First Amendment rights under the Establishment Clause and the Free Speech Clause were violated when a state law prohibited "blasphemy" in a corporate name, and plaintiff was unable to use the word "hell" in a corporation he wanted to form.  Instead of "I Choose Hell Productions," he incorporated as "I.C.H. Productions, LLC."  He sued the Secretary of the Commonwealth of Pennsylvania, in his official capacity of administering the Department of State, for the denial of his original application, and the operation of his business under the eventual name."  Suit was filed in the Eastern District of Pennsylvania.  The defendant moved to transfer venue to the Middle District of Pennsylvania, arguing all the events giving rise to Plaintiff's suit occurred in Harrisburg, which is in the Middle District, including the decision to reject plaintiff's original application, and the "develop[ment], implement[ation] and enforce[ment]" of the challenged policy from Harrisburg.  The defendant argued that when a statewide policy  is challenged, venue is proper only in the district where it was written, not the district in which its impact is felt.  As such, the alleged effect that § 1303 had on plaintiff's ability to exercise his freedom of expression in this district is insufficient compared to the numerous "actions, decisions, policies and practices" that occurred in Harrisburg.  Furthermore, the Defendant argued its convenience is considered in choosing venue, not the Plaintiff's.  *Id.* at 740 (internal citations omitted).

The Court in *Kalman* rejected all these arguments and denied the motion to transfer venue.  The Court held:

5

> It is important, perhaps most important, to consider the nature of the litigation in determining whether "substantial" events or omissions took place in a particular district. The nature of the instant case is a first amendment challenge, and the curtailment of the plaintiff's asserted right took place in this district, without doubt. A plaintiff suing because his freedom of expression has been unjustifiably restricted by a state statute suffers harm only where the speech would have taken place, as opposed to the district in which the statute was written and the decision to restrict this plaintiff's speech was made. **The suppression itself is a more "substantial" event than the decision to suppress the speech, and is the most important event in the origin of this suit.** Plaintiff's inability to exercise his freedom of expression by doing business under the name he desires is clearly "substantial."
>
> The Court also notes that in the event if Plaintiff had decided to violate the statute in continuing business with the name that had been rejected, such an enforcement action would clearly have to be brought in this district.

*Id.* at 742 (emphasis added).

This case is also exactly in line with *Kalman*. Plaintiff POT is alleging his Second and Fourteenth Amendment rights are being violated in this district, which is more substantial for venue purposes than the district where the decision to violate his rights allegedly occurred. Also, just as noted in *Kalman*, if POT decided to carry a concealed firearm in violation of the law, no doubt when caught he would be prosecuted for the violation in this district. While Defendant argues the Eastern District is *a* proper venue, he does not refute that this District is also a proper venue. And while both the Western and Eastern Districts would have been proper venues, Plaintiffs' choice should be given deference.

## CONCLUSION

The Court should deny Defendant's Motion. Venue is proper in this district because the impact of Defendant's unconstitutional statute is suffered in this district. POT resides in this District, attempted to obtain his concealed carry permit and was denied while in this District, and thus the curtailment of POT's rights are taking place in this district. These are more "substantial" events for venue purposes than the fact the State Capitol and Defendant's office are in the Eastern District. Further, while either the Western or Eastern District would have been proper, deference should be paid to the Plaintiffs' choice of venue.

WHEREFORE, the Plaintiffs, MARTIN POT and SECOND AMENDMENT FOUNDATION, INC., respectfully request this Honorable Court to deny Defendant's Motion in its entirety, and in the alternative, to transfer this matter to the Eastern District of Arkansas rather than dismiss it.  Plaintiffs also request any and all relief deemed just and proper, including leave to file an Amended Complaint, should the Court deem it necessary.

Dated:  December 18, 2013         Respectfully submitted,

                                  By:  _____/s/ David G. Sigale_____
                                         David G. Sigale


David G. Sigale, Esq. (Atty. ID# 6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
Tel:  630.452.4547
Fax:  630.596.4445
dsigale@sigalelaw.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

     1.     On December 18, 2013, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

     2.     Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                 /s/ David G. Sigale
                                                      Attorney for Plaintiffs