**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

MARTIN POT and
SECOND AMENDMENT FOUNDATION                          PLAINTIFFS


   v.                            Case No. 13-3102


COLONEL STAN WITT, in his official
capacity as Director of the
Arkansas State Police                                DEFENDANT

<u>**ORDER**</u>

   Now on this 5th day of February, 2014, comes on for
consideration defendant's **Motion to Dismiss, or in the
Alternative, Motion to Transfer Venue (doc. #7)** and the response
thereto.  The Court, being well and sufficiently advised, finds
and orders as follows:

   1.  On November 4, 2013, plaintiffs, Martin Pot and the
Second Amendment Foundation, filed this action against the
defendant Colonel Stan Witt, in his official capacity as Director
of the Arkansas State Police.

   The plaintiffs brought this action pursuant to 28 U.S.C. §
1983 claiming that certain provisions of Arkansas' concealed
handgun carry laws violate the Constitution.  Specifically,
plaintiffs allege that the Arkansas laws violate the Second
Amendment and Fourteenth Amendment equal protection guarantees.

   2.  Defendant now moves to dismiss the action -- asserting
that venue is not proper and that this Court, therefore, lacks

1

personal jurisdiction.  Alternatively, defendant argues that the matter should be transferred to the Eastern District of Arkansas.

3.   Under 28 U.S.C. § 1391(b), it is provided that "[a] civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

And, under 28 U.S.C. § 1406(a), it is provided that:

> [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

4.   The plaintiffs' complaint asserts that venue is proper herein pursuant to 28 U.S.C. § 1391 "because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in

this District, and the State laws were enacted in the State capital in this District."

5.   In response, defendant argues that venue instead properly lies in the Eastern District of Arkansas because:

* decisions regarding concealed handgun carry licensing are made by officers and the administration at Arkansas State Police headquarters in Little Rock, Arkansas;

* Little Rock, Arkansas is the State's capital and home of the legislature responsible for passing the State's laws;

* Little Rock, Arkansas is located in Pulaski County and falls within the Eastern District of Arkansas;

* the defendant resides in the Eastern District of Arkansas; and,

* the law being challenged was passed and is enforced in the Eastern District of Arkansas.

6.   When a defendant seeks dismissal for improper venue, it bears the burden of demonstrating that the venue chosen by the plaintiff is improper.  United States v. Orshek, 164 F.2d 741, 742 (8th Cir. 1947).  "In making our determination, we do not ask which district among two or more potential forums is the 'best' venue, rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts."  Pecoraro v. Sky Ranch for Boys,

Inc., 340 F.3d 558, 563 (8th Cir. 2003)(citing <u>Setco Enter. v.</u> <u>Robbins</u>, 19 F.3d 1278, 1281 (8th Cir. 1994)).

Plaintiffs admit in their response to the instant motion that their complaint mistakenly asserts that the state law in question was enacted in the Western District of Arkansas and acknowledge that, in fact, it was enacted in Little Rock which is in the Eastern District of Arkansas.  However, the loss of that mistaken assertion as a basis for their claim on the venue issue is not fatal to it.

The Court agrees that the laws about which plaintiffs complain are being enforced against them where they live -- in the Western District of Arkansas -- and not where the law was enacted.  Accordingly the Court believes that, although venue *could* be proper in the Eastern District of Arkansas, it is also proper in the Western District of Arkansas as selected by plaintiffs and that defendant's motion should be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (doc. #7)** is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE