IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

MARTIN POT and
SECOND AMENDMENT FOUNDATION　　　　　　　　　　　　　　PLAINTIFFS

v.　　　　　　　　　　No. 3:13-cv-3102-JLH

COLONEL STAN WITT, in his official
capacity as Director of the Arkansas
State Police　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## ANSWER

Comes now defendant, Colonel Stan Witt, in his official capacity, and for his answer to plaintiffs' complaint, states the following:

1.　　Defendant admits that plaintiffs bring a purported 42 U.S.C. § 1983 action. Defendant affirmatively denies any deprivation of civil rights, wrongdoing or that plaintiffs are entitled to the relief sought. Defendant denies the remaining allegations contained in paragraph 1 of plaintiffs' complaint.

2.　　Defendant states that the Second Amendment speaks for itself. Defendant further states that the cases cited by plaintiffs speak for themselves. To the extent plaintiffs' allegations are inconsistent with the Second Amendment or the cases cited by plaintiffs, defendant denies the allegations contained in paragraph 2 of plaintiffs' complaint.

3.　　Defendant states that the laws of Arkansas speak for themselves. To the extent plaintiffs' allegations are inconsistent with the laws of Arkansas, defendant denies the allegations contained in paragraph 3 of plaintiffs' complaint.

4.　　Defendant denies the allegations contained in paragraph 4 of plaintiffs' complaint.

5.　　Defendant denies the allegations contained in paragraph 5 of plaintiffs' complaint.

6.　　Defendant denies the allegations contained in paragraph 6 of plaintiffs' complaint.

7. Defendant denies the allegations contained in paragraph 7 of plaintiffs' complaint.

8. Defendant is without sufficient information to admit or deny the allegations in paragraph 8 of plaintiffs' complaint and, therefore, denies the same.

9. Defendant states that the laws of Arkansas speak for themselves. To the extent plaintiffs' allegations are inconsistent with the laws of Arkansas, defendant denies the allegations contained in paragraph 9 of plaintiffs' complaint.

10. Defendant is without sufficient information to admit or deny the allegations in paragraph 10 of plaintiffs' complaint and, therefore, denies the same.

11. Defendant denies the allegations contained in paragraph 11 of plaintiffs' complaint.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of plaintiffs' complaint and, therefore, denies the same.

13. Defendant is without sufficient information to admit or deny the allegations in paragraph 13 of plaintiffs' complaint and, therefore, denies the same.

14. Defendant is without sufficient information to admit or deny the allegations in paragraph 14 of plaintiffs' complaint and, therefore, denies the same.

15. Defendant admits that he is the Director of the Arkansas State Police, and as the Director, he is tasked with designated responsibilities. He further admits that plaintiffs are suing him in his individual capacity. Defendant denies any deprivation of civil rights, wrongdoing or that plaintiffs are entitled to the relief sought. Defendant denies the remaining contained in paragraph 15 of plaintiffs' complaint.

16. Defendant states that the Second Amendment speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Second Amendment, defendant denies the allegations contained in paragraph 16 of plaintiffs' complaint.

17. Defendant states that the case cited by plaintiffs speaks for itself. To the extent plaintiffs' allegations are inconsistent with the case cited by plaintiffs, defendant denies the allegations contained in paragraph 17 of plaintiffs' complaint

18. Defendant states that the Fourteenth Amendment speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Fourteenth Amendment, defendant denies the allegations contained in paragraph 18 of plaintiffs' complaint.

19. Defendant states that the Ark. Code Ann. § 5-73-309 speaks for itself. To the extent plaintiffs' allegations are inconsistent with Ark. Code Ann. § 5-73-309, defendant denies the allegations contained in paragraph 19 of plaintiffs' complaint.

20. Defendant states that the Ark. Code Ann. § 5-73-120 speaks for itself. To the extent plaintiffs' allegations are inconsistent with Ark. Code Ann. § 5-73-120, defendant denies the allegations contained in paragraph 20 of plaintiffs' complaint.

21. Defendant states that the Ark. Code Ann. § 5-4-401 speaks for itself. To the extent plaintiffs' allegations are inconsistent with Ark. Code Ann. § 5-4-401, defendant denies the allegations contained in paragraph 21 of plaintiffs' complaint.

22. Defendant admits that plaintiffs re-allege and incorporate paragraphs 1 through 21 of their complaint in paragraph 22 of plaintiffs' complaint. Defendant re-alleges and incorporates his responses to paragraphs 1 through 21 of plaintiffs' complaint as if stated word-for-word herein.

23. Defendant denies the allegations contained in paragraph 23 of plaintiffs' complaint.

24. Defendant admits that plaintiffs re-allege and incorporate paragraphs 1 through 23 of their complaint in paragraph 24 of plaintiffs' complaint. Defendant re-alleges and incorporates his responses to paragraphs 1 through 23 of plaintiffs' complaint as if stated word-for-word herein.

25. Defendant denies the allegations contained in paragraph 25 of plaintiffs' complaint.

26. Defendant admits that plaintiffs re-allege and incorporate paragraphs 1 through 25 of their complaint in paragraph 26 of plaintiff's complaint. Defendant re-alleges and incorporates his responses to paragraphs 1 through 25 of plaintiffs' complaint as if stated word-for-word herein.

27. Defendant denies the allegations contained in paragraph 27 of plaintiffs' complaint.

28. Defendant denies the allegations contained in paragraph 28 of plaintiffs' complaint.

29. Defendant denies the allegations contained in paragraph 29 of plaintiffs' complaint.

30. Defendant admits that plaintiffs seek a declaration that Ark. Code Ann. § 5-73-309(1) is unconstitutional in paragraph 30 of plaintiffs' complaint. Defendant denies that Ark. Code Ann. § 5-73-309(1) is unconstitutional or that plaintiffs are entitled to the relief sought.

31. Defendant denies the allegations contained in paragraph 31 of plaintiffs' complaint.

32.     Defendant denies the allegations contained in paragraph 32 of plaintiffs' complaint.

33.     Defendant denies the allegations contained in paragraph 33 of plaintiffs' complaint.

34.     Defendant denies the allegations contained or relief sought in the WHEREFORE paragraph of plaintiffs' complaint including subparts 1, 2, 2(a), 2(b), 3 and 4.

35.     Defendant denies any allegations that were not specifically admitted herein.

36.     Defendant reserves the right to supplement or amend this answer and plead further as discovery is conducted.

## AFFIRMATIVE DEFENSES

37.     Affirmatively pleading, defendant states the complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(2) for lack of personal jurisdiction.

38.     Affirmatively pleading, defendant states the complaint should be dismissed pursuant to Rule 12(b)(3) for insufficient process and Rule 12(b)(4) for insufficient service of process.

39.     Affirmatively pleading, defendant asserts that plaintiff has failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

40.     Affirmatively pleading, defendant states that plaintiffs' claims against him are barred by the doctrine of sovereign immunity.

41.     Affirmatively pleading, defendant states that plaintiffs lack standing to bring the claims contained in the complaint.

42. Affirmatively pleading, plaintiffs failed to exhaust their administrative remedies.

43. Affirmatively pleading, plaintiffs are not entitled to the damages and other relief sought against defendant.

WHEREFORE, defendant, Colonel Stan Witt, in his individual capacity, prays that the complaint filed by plaintiffs be dismissed and for all other just and appropriate relief.

>
> Respectfully submitted,
>
> DUSTIN McDANIEL
> Attorney General
>
> BY: /s/ Mindy D. Pipkin
> Mindy D. Pipkin, #2004067
> Assistant Attorney General
> 323 Center Street, Suite 200
> Little Rock, AR  72201-2610
> (501) 682-8219
> mindy.pipkin@arkansasag.gov
>
> *Attorney for Defendant*

### CERTIFICATE OF SERVICE

I, Assistant Attorney General Mindy D. Pipkin, certify that on February 18, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, giving notice to all participants.

I, Assistant Attorney General Mindy D. Pipkin, further certify that on February 18, 2014, that a copy of the foregoing document is being served by mailing a copy of same, postage prepaid, by U.S. Mail, addressed to the following:

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL  60137

>
> /s/ Mindy D. Pipkin